Vicente Santaliz, Appellant, *v.* The Registrar of Property of Mayagüez, Respondent.

No. 1262. Submitted February 1, 1950.—Decided March 24, 1950.

*José Sabater* for appellant.   The Registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In 1948 a deed was executed by various parties which ratified a sale of a certain farm to Vicente Santaliz in 1930. This deed was recorded with the curable defect that it "does not state the civil status of the purchaser on the date the contract was effected."   To cure this defect, Santaliz offered (1) a marriage certificate showing he married Juana Forestier on January 13, 1941;   (2) an affidavit of the older sister of Santaliz that he was not married in 1930;  that his only marriage was to Juana Forestier in 1941, to whom he is still married;  (3) an affidavit of Santaliz to the same effect.

The Registrar refused to consider the defect cured on the grounds that (1) affidavits were not appropriate documents to cure Registry defects;  (2) the 1941 marriage certificate does not destroy the possibility that Santaliz was married in 1930 and that when he married in 1941 he was a widower or divorced;  (3) the fact that a person is now married does not establish any presumption as to his civil status prior to the marriage.   Santaliz filed an administrative appeal to review this ruling of the Registrar.

The Registrar was correct in refusing to correct the defect on the basis of affidavits. In *Brac* v. *The Registrar*, 23 P.R.R. 696, we said at pp. 697–8: "The affidavit presented by the appellant for the purpose of proving to the registrar that the vendor was a widow when she acquired the property sold to him and of correcting the defect which prohibited the record is not the proper document for that purpose, for, as we said in the case of *Delgado* v. *The Registrar of Caguas*, 22 P.R.R. 117, and that of *Successors of Andréu & Co., Ltd.*, v. *The Registrar*, therein cited, the primary object of an affidavit is for court purposes, although it may be used for other purposes when expressly permitted by law; and there is no authority for the use of an affidavit to show the separate character of a piece of property." And see *Capó* v. *Registrar*, 46 P.R.R. 506; *Martínez* v. *Registrar*, 62 P.R.R. 832; *Vilella* v. *Registrar*, 64 P.R.R. 405.

We indicated in *Vilella* v. *Registrar*, *supra*, at p. 408 that § 388-D of the Mortgage Law does not exclude the other means which have always been used to cure defects like the defect involved in that case which was similar to the defect herein. One of the adequate means to establish that Vicente Santaliz was single, when he acquired the farm in question in 1930, is by a proceeding *ad perpetuam memoriam*. As Morell says in his *Legislación Hipotecaria*, p. 438, a proceeding *ad perpetuam memoriam* cannot be used to establish the acquisition of real property or rights in real estate as it does not constitute a recordable title. But it does serve to aid the recordation of titles as such. For example, the Resolution of December 9, 1893 indicated that by virtue of a proceeding *ad perpetuam memoriam* there could be established, for the purposes of inscription, the identity of the children of a certain marriage born after execution of a will. And in volume 2 of Morell at p. 138, where he discusses the correction of certain contradictions in entries in the Registry, the following language is used:

"The defect however is not cured by a certificate of the mayor, which does not have any probatory value, or by a new deed which only recites the statements of the interested parties, as the notary only gives faith to the facts which gave rise to the execution. The only truly legal means, in case of contradiction, is an *ad perpetuam* proceeding, in which it is established that a certain person used two different names at different times. That is the doctrine laid down in the Resolutions of June 5, 1863, June 23, 1884, July 2, 1887 and October 8, 1912."

In *Ex parte Pérez*, 65 P.R.R. 883, we said in note 9 at p. 889:

"Proceedings *ad perpetuam rei memoriam* have always been used to establish *facts* in the public registries, provided those facts do not prejudice third persons. See the decisions of the Directorate of Spain of December 30, 1914, and January 12, 1917."

The ruling of the Registrar will be affirmed.